**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


| | |
|---|---|
| EDUL JINNAH AZEEZ, II, | No. 13-57027 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-01832-WQH-NLS |
| v. | |
| MATTHEW CATE and KAMALA HARRIS, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 1, 2015
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges and MARQUEZ,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Rosemary Marquez, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Edul "Sean" Azeez appeals the district court's order denying his petition for writ of habeas corpus under 28 U.S.C. § 2254. We review de novo, *Harvest v. Castro*, 531 F.3d 737, 741 (9th Cir. 2008), and we affirm.

Azeez was the getaway driver for a 1995 vehicle burglary that resulted in the murder of the vehicle's owner. Azeez, who is African-American, was sentenced to the upper term of 11 years' imprisonment for voluntary manslaughter after he entered a guilty plea in exchange for the dismissal of murder charges. Two of his co-defendants, who are not African-American, received probation. Azeez asserts that the sentence disparity was based on racial discrimination and that his right to equal protection was violated. But one co-defendant was a minor; the other cooperated with the prosecution in identifying the men involved. The California Supreme Court summarily denied Azeez's equal protection claim. In so doing, that court did not make "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" nor "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The sentencing judge considered Azeez's mitigation evidence and stated that Azeez was a good person who was truly remorseful and unlikely to be involved in criminal activity again. The judge then

2

commented on Azeez's culpability, his failure to come forward, and the foreseeability of the victim's murder. The record supports the finding that Azeez's sentence was based on the facts of the case and his role in the burglary and murder, not racial bias. Azeez has not shown that the sentencing judge's action "had a discriminatory effect and that it was motivated by a discriminatory purpose." *United States v. Armstrong*, 517 U.S. 456, 465 (1996).

**AFFIRMED.**